UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
Law Offices of Xian Feng Zou
39-15 Main Street, Suite 303
Flushing, New York 11354
(718) 661-9562
Attorneys for Plaintiff

**07 CV 11441**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X   CIVIL ACTION NO.:

PACTRANS AIR & SEA INC.,

                    Plaintiff,

-against-

                                    **COMPLAINT**

NEW YORK MARINE AND
GENERAL INSURANCE COMPANY

                    Defendant,

------------------------------------------------------------X

RECEIVED
DEC 2 0 2007
U.S.D.C. S.D. N.Y.
CASHIERS

The Plaintiff PACTRANS AIR & SEA INC., ("Pactrans"), by and through its undersigned attorney, LAW OFFICE OF XIAN FENG ZOU, as and for Complaint against Defendant, NEW YORK MARINE AND GENERAL INSURANCE COMPANY ("NYMAGIC"), respectfully alleges upon information and belief as follows:

## PARTIES

1.    At all relevant times, Pactrans was and is a corporation duly organized and existing under the laws of the State of Illinois.

2.    Upon information and belief, Defendant NYMAGIC is a corporation duly organized in the State of Illinois doing business within this district. Defendant NYMAGIC, at all times to this lawsuit, was the insurer of Pactrans under a Marine Ocean Policy No. MMMW No. 43652ML406 ("Policy").

3. Upon information and belief, Defendant NYMAGIC is a corporation duly organized in the State of New York doing business within this district.

4. Upon information and belief, Defendant NYMAGIC is licensed to do business in this district and was and continues to be doing business in this district.

5. Upon information and belief, Defendant NYMAGIC is licensed to do business in the State of Illinois and was and continues to be doing business in the State of Illinois.

6. Upon information and belief, Defendant NYMAGIC was and continues to be licensed to underwrite maritime insurance policy in the State of Illinois.

## JURISDICTION AND VENUE

7. The following issues constitute questions of insurance coverage under an admiralty or maritime contract of insurance and thereby come within the jurisdiction of this Court pursuant to 28 U.S.C. § 1333 and within the meaning of Federal Rule of Civil Procedure 9(h).

8. This action is filed under the Federal Declaratory Judgment Act 28 U.S.C.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b)(c).

## NATURE OF THE ACTION

10. This is an action for a declaratory judgment to direct the Defendant to defend maritime claims and demurrage claims against the Plaintiff under a Mutual Marine Policy of insurance, with policy no.: MMMW-43652ML406. Defendant disclaimed coverage necessitating this action. Plaintiff seeks a declaratory judgment that Defendant is obligated to (1) defend and indemnify Plaintiff; (2) reimburse Plaintiff for

all costs, expenses and fees, including attorney's fees, incurred by Plaintiff as a result of the incident.

## STATEMENT OF FACTS

11. Pactrans is in the marine transportation business and charters ships for the transportation of goods between the United States and China.

12. Pactrans entered into a Service Contract with Devon International Trading, Inc. ("Devon") to transport gypsum boards from Qingdao, China to Pensacola, Florida.

13. Pactrans chartered a ship, the Sanko Rally, from China National Chartering Corp. which had chartered the ship from Sanko to perform the transportation as agent for and/or on behalf of Devon.

14. Pactrans purchased a Marine Ocean Policy from Defendant with the policy number MMMW No. 43652ML406 covering the period of time from May 3, 2006 to May 3, 2007.

15. On or about May 5, 2006 the Sanko Rally arrived at the Port of Qingdao for loading of cargo.

16. On or about June 15, 2006, the Sanko Rally arrived at Port of Penscacola, Florida. Unloading of the goods was completed on or about July 12, 2006.

17. It was claimed by Devon that the cargo was damaged or destroyed during the course of transportation and Devon has commenced an action entitled <u>Devon International Trading Inc. v. M/V Sanko Rally, Pactrans Air & Sea Inc.</u>, et al. (Case No.: 06 CV-00285) in the United State District Court, Northern District of Florida to recover damages in excess of $2,000,000.00 against the Defendants including Pactrans.

18. China National Chartering Corp. also made a demurrage claim with interest and attorney fees and arbitration costs totaling $775,300.88 and commenced an action to obtain security in aid of arbitration in this court entitled <u>China National Charetering Corp. v Pactrans Air & Sea Inc</u>. (Case NO.: 06 CV 13107, US District Court, Southern District of New York) against Pactrans seeking maritime attachment and garnishment and has submitted a request for arbitration in Beijing, China.

19. The Policy provided by the Defendant was in full force and effect at the time of the alleged incident of loss.

20. Plaintiff had fully paid its insurance premium to Defendant and has complied with all conditions precedent for filing suit.

21. Upon the notice of the claims and the pending actions, Plaintiff contacted Defendant requesting representation, defense and indemnification pursuant to the Policy.

22. Defendant declined to provide Plaintiff any representation, defense or indemnification claiming that the Policy did not cover the loss suffered and that Plaintiff was late in notifying Defendant.

23. The damages are covered under the Policy of insurance. The Policy contained indemnity provisions "(t)his insurance covers the legal and/or contractual liability of the Assured as Charterer (other than Bareboat Charterer) in respect of the Vessel insured hereunder for any loss, damage and/or expense, including but not limited to demurrage and/or removal of wreck and/or collision liability and/or any other consequential loss or damage, resulting from any accident in which said vessel may be involved."

24. The loss claimed in the suits against Patcrans is for damages to cargo and demurrage. Such losses are covered under the insurance Policy with the Defendant.

## AS AND FOR A FIRST CAUSE OF ACTION

25. Pactrans repeats and realleges the allegations set forth above as though more fully set forth herein.

26. Based on the foregoing, Pactrans submits that it is entitled to insurance coverage under the applicable policy of insurance and seeks a declaration by the Court of its entitlement to coverage and other appropriate relief.

27. There is a justiciable controversy between the parties hereto since Pactrans has demanded, and been refused, insurance coverage by Defendant and Pactrans has suffered damage as a result of the refusal.

28. Pactrans has not previously demanded the relief requested herein.

## AS AND FOR A SECOND CAUSE OF ACTION

29. Pactrans repeats and realleges the allegations set forth above as though more fully set forth herein.

30. Defendant breached its Policy with Plaintiff and has willfully refused to provide representation, defense and indemnification to Plaintiff.

31. Plaintiff has suffered and will continue to suffer damages, harm and prejudice by virtue of Defendant' refusal to fulfill its obligation pursuant its insurance Policy referred to above, including, but not limited to, the cost of defense and indemnification for any claims brought by putative claimants who were damaged in any way by the incident and costs, expenses and fees.

32. Upon a determination and/or declaration that Pactrans' loss described herein is covered by the applicable policies of insurance, Pactrans seeks an award of damages in an amount exceeding the minimum jurisdictional amount of this court, plus costs, interest, and attorneys' fees.

## AS AND FOR A THIRDCAUSE OF ACTION

33. Pactrans repeats and realleges the allegations set forth above as though more fully set forth herein.

34. Under the terms of the Policy, Plaintiff was an insured and its loss was clearly subject to coverage. Defendant's declination of insurance coverage for the losses claimed was arbitrary, capricious, willful, intentional, without lawful and/or good faith and/or legitimate basis, reckless and/or grossly negligent and violated Defendant's duty of good faith and fair dealing to their insured, Plaintiff herein.

35. As a result of Defendant's bad faith declination of insurance coverage under the Policy, Plaintiff was without lawful basis rendered uninsured and was subject to substantial damages which should have been avoided had Defendant acted as required under the applicable law, in good faith.

36. Accordingly, Defendant insurer is liable to Plaintiff for bad faith declination of insurance coverage under federal law, as well as under any applicable state law.

37. As a result of Defendant's bad faith declination of insurance coverage to Plaintiff under the Policy, Plaintiff seeks damages for such bad faith, including punitive and/or exemplary and/or statutory damages available for such bad faith declination of

insurance coverage, including but not limited to treble damages, as well as costs, disbursements and attorneys' fees.

WHEREFORE, Plaintiff respectfully prays for the following relief:

1. A declaration of insurance coverage in favor of Pactrans under the applicable insurance policy;

2. An award of damages in an amount exceeding the minimum jurisdictional amount of this Court, together with costs, interest and attorneys fees, or in such other amount as the Court may award; and

3. An award of damages for Defendant's bad faith declination of insurance coverage under the Policy, including punitive and/or exemplary and/or statutory damages that may be available for such bad faith declination of insurance coverage, including but not limited to treble damages, as well as costs, disbursements and attorneys' fees.

Dated: Queens, New York
December 18, 2007

Law Office of Xian Feng Zou

By: _____
Xian Feng Zou, Esq.
Attorney for the Plaintiff
39-15 Main Street, Suite 303
Flushing, NY 11354
(718) 661-9562

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK          Index No.:

PACTRANS AIR & SEA, INC.,

        Plaintiff,

-against-

NEW YORK MARINE AND GENERAL INSURANCE COMPANY

        Defendant,

## SUMMONS AND COMPLAINT

**LAW OFFICES OF XIAN FENG ZOU**
Attorney(s) for Plaintiff
Pactrans Air & Sea, Inc.,
39-15 Main Street, Suite 303
Flushing, NY 11354
(718) 661-9562

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.
Dated: 12/18/07                                   Signature
                                                          Print Signer's Name  Xian Feng Zou, Esq.

Service of a copy of the within                              is hereby admitted.
Dated:……………………19

                            Attorney(s) for

**PLEASE TAKE NOTICE**

☐ **Notice of Entry**  that the within is a (Certified) true copy of a
duly entered in the office of the clerk of the within named court on

☐ **Notice of Settlement**   that an order of which the within is a true copy will be
presented for settlement to the Hon.                    one of the judges of the
within named court at the Courthouse at
on                     19    at       o'clock   M.

Dated:

                                                            Yours, etc.,
                                                            **XIAN FENG ZOU**

**To:**
      Attorney(s) for