BROWN GAVALAS & FROMM LLP
355 Lexington Avenue
New York, New York 10017
(212) 983-8500
Attorneys for Defendant
New York Marine and General Insurance Company

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
PACTRANS AIR & SEA INC.,                    07 CV 11441

              Plaintiff,
                                            **ANSWER TO COMPLAINT**
   -against-

NEW YORK MARINE AND GENERAL
INSURANCE COMPANY,

             Defendant.
-----------------------------------------------------X

      Answering defendant, NEW YORK MARINE AND GENERAL INSURANCE COMPANY ("NYMAGIC"), by and through its attorneys, BROWN GAVALAS & FROMM LLP, as and for its Answer to Plaintiff's Complaint, upon information and belief, states as follows:

## AS TO THE SECTION ENTITLED PARTIES

      1.    Answering defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph "1" of plaintiff's Complaint.

      2.    Answering defendant denies all of the allegations contained in Paragraph "2" of plaintiff's Complaint except admits that NYMAGIC was and is an insurance company duly organized and existing pursuant to the laws of the State of New York with

its principal office and business in New York, New York, and that it issued an Ocean Marine Policy of Insurance bearing policy number MMMW No. 43652ML406.

        3.      Answering defendant denies all of the allegations contained in Paragraph "3" of plaintiff's Complaint except admits that NYMAGIC is an insurance company duly organized and existing pursuant to the laws of the State of New York with its principal office and place of business in New York, New York, and is doing business in this jurisdiction through its managing general agent Mutual Marine Office, Inc. located at 919 Third Avenue, New York, New York.

        4.      Answering defendant denies all of the allegations contained in Paragraph "4" of plaintiff's Complaint except admits that NYMAGIC is an insurance company duly organized and existing pursuant to the laws of the State of New York with its principal office and place of business in New York, New York, and is doing business in this jurisdiction through its managing general agent Mutual Marine Office, Inc. located at 919 Third Avenue, New York, New York.

        5.      Answering defendant denies all of the allegations contained in Paragraph "5" of plaintiff's Complaint except admits that NYMAGIC is an insurance company duly organized and existing pursuant to the laws of the State of New York with its principal office and place of business in New York, New York, and is doing business in the State of Illinois through its managing general agent Mutual Marine Office of the Midwest, Inc. located at 300 South Wacker Drive, Chicago, Illinois.

        6.      Answering defendant denies all of the allegations contained in Paragraph "6" of plaintiff's Complaint except admits that NYMAGIC is an insurance company duly organized and existing pursuant to the laws of the State of New York with its principal

office and place of business in New York, New York, and is doing business in the State of Illinois through its managing general agent Mutual Marine Office of the Midwest, Inc. located at 300 South Wacker Drive, Chicago, Illinois.

## AS TO THE SECTION ENTITLED JURISDICTION AND VENUE

7. The allegations contained in paragraph "7" of plaintiff's Complaint are conclusions of law to which no response is required, and NYMAGIC respectfully refers all conclusions and questions of law to the Court.

8. The allegations contained in paragraph "8" of plaintiff's Complaint are conclusions of law to which no response is required, and NYMAGIC respectfully refers all conclusions and questions of law to the Court.

9. The allegations contained in paragraph "9" of plaintiff's Complaint are conclusions of law to which no response is required, and NYMAGIC respectfully refers all conclusions and questions of law to the Court.

## AS TO THE SECTION ENTITLED NATURE OF ACTION

10. Answering defendant admits that this is what plaintiff is seeking, but denies that plaintiff is entitled to such relief and respectfully refers all issues of law to the Court. Moreover, the allegations contained in Paragraph "10" of plaintiff's Complaint constitutes characterization and conclusions of law and as such require neither an admission or denial, however, to the extent that the allegations are offered for the truth of the statements contained therein, NYMAGIC denies each and every allegation and respectfully refers all conclusions of law to the Court.

**AS TO THE SECTION ENTITLED STATEMENT OF FACTS**

11.     Answering defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph "11" of plaintiff's Complaint.

12.     Answering defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph "12" of plaintiff's Complaint.

13.     Answering defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph "13" of plaintiff's Complaint.

14.     Answering defendant denies all of the allegations contained in Paragraph "14" of plaintiff's Complaint except admits that NYMAGIC issued an Ocean Marine Policy of Insurance to Pactrans Air & Sea Inc. bearing policy number MMMW No. 43652ML406 and for the policy period of May 3, 2006 to May 3, 2007.

15.     Answering defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph "15" of plaintiff's Complaint.

16.     Answering defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph "16" of plaintiff's Complaint.

17.     Answering defendant denies all of the allegations contained in Paragraph "17" of plaintiff's Complaint except admits that NYMAGIC was made aware of an action entitled Devon International Trading Inc. v. M/V Sanko Rally, Pactrans Air & Sea Inc. et

al. (Case No.: 06 CV 00285, US District Court, Northern District of Florida) over a year after it was commenced.

18. Answering defendant denies all of the allegations contained in Paragraph "18" of plaintiff's Complaint except admits that NYMAGIC was made aware of a Rule B Maritime Attachment Action entitled <u>China National Chartering Corp. v. Pactrans Air & Sea Inc.</u> (Case No.: 06 CV 13107, US District Court, Southern District of New York) nearly 9 months after it was commenced.

19. Answering defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph "19" of plaintiff's Complaint and respectfully refers all issues of law to the Court.

20. Answering defendant denies all of the allegations contained in Paragraph "20" of plaintiff's Complaint and respectfully refers the Court to the terms and conditions of the subject policy of insurance.

21. Answering defendant denies all of the allegations contained in Paragraph "21" of plaintiff's Complaint except admits that plaintiff sought coverage under the subject policy of insurance.

22. Answering defendant denies all of the allegations contained in Paragraph "22" of plaintiff's Complaint except admits that NYMAGIC advised plaintiff by way of letter dated August 6, 2007, that there was no coverage under the terms and conditions of the subject policy of insurance for the claims presented.

23. Answering defendant denies all of the allegations contained in the first sentence of Paragraph "23" of plaintiff's Complaint.  Answering defendant further denies all of the allegations contained in the second sentence of Paragraph "23" of plaintiff's

Complaint, objects to the paraphrasing of policy terms, and respectfully refers the Court to the terms and conditions of the policy of insurance. Answering defendant leaves it to plaintiff to prove the terms and conditions of the subject policy of insurance at time of trial.

24. Answering defendant denies all of the allegations contained in Paragraph "24" of plaintiff's Complaint and respectfully refers the Court to the terms and conditions of the subject policy of insurance.

## AS TO THE SECTION ENTITLED AS AND FOR
## A FIRST CAUSE OF ACTION

25. Answering defendant repeats, reiterates and realleges each and every answer to plaintiff's Complaint set forth in Paragraphs "1" through "24" as if same were more fully set forth at length herein

26. Answering defendant denies all of the allegations contained in Paragraph "26" of plaintiff's Complaint and respectfully refers the Court to the terms and conditions of a subject policy of insurance.

27. Answering defendant denies all of the allegations contained in Paragraph "27" of plaintiff's Complaint and respectfully refers all issues of law to the Court.

28. Answering defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph "28" of plaintiff's Complaint.

**AS TO THE SECTION ENTITLED AS AND FOR**
**A SECOND CAUSE OF ACTION**

29.     Answering defendant repeats, reiterates and realleges each and every answer to the Complaint set forth in Paragraphs "1" through "28" as if same were more fully set forth at length herein.

30.     Answering defendant denies all of the allegations contained in Paragraph "30" of plaintiff's Complaint and respectfully refers the Court to the terms and conditions of the subject policy of insurance.

31.     Answering defendant denies all of the allegations contained in Paragraph "31" of plaintiff's Complaint and respectfully refers the Court to the terms and conditions of the subject policy of insurance.

32.     Answering defendant admits that this is what plaintiff is seeking, but denies that plaintiff is entitled to such relief and respectfully refers all issues of law to the Court.  Moreover, the allegations contained in Paragraph "32" of plaintiff's Complaint constitutes characterization and conclusions of law and as such require neither an admission or denial, however, to the extent that the allegations are offers for the truth of the statements contained therein, NYMAGIC denies each and every allegation and respectfully refers all conclusions of law to the Court

**AS TO THE SECTION ENTITLED AS AND FOR**
**A THIRD CAUSE OF ACTION**

33.     Answering defendant repeats, reiterates and realleges each and every answer to the Complaint set forth in Paragraphs "1" through "32" as if same were more fully set forth at length herein.

34. Answering defendant denies all of the allegations contained in the first sentence of Paragraph "34" of plaintiff's Complaint and respectfully refers the Court to the terms and conditions of a subject policy of insurance. Answering defendant also denies all of the allegations contained in the second sentence of Paragraph "34" of plaintiff's Complaint and respectfully refers all issues of law to the Court.

35. Answering defendant denies all of the allegations contained in Paragraph "35" of plaintiff's Complaint and respectfully refers all issues of law to the Court.

36. Answering defendant denies all of the allegations contained in Paragraph "36" of plaintiff's Complaint and respectfully refers all issues of law to the Court.

37. Answering defendant admits that this is what plaintiff is seeking, but denies that plaintiff is entitled to such relief and respectfully refers all issues of law to the Court. Moreover, the allegations contained in Paragraph "37" of plaintiff's Complaint constitutes characterization and conclusions of law and as such require neither an admission or denial, however, to the extent that the allegations are offered for the truth of the statements contained therein, NYMAGIC denies each and every allegation and respectfully refers all conclusions of law to the Court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim against answering defendant upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

This action should be dismissed as answering defendant has met all its obligations required by the policy of insurance.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

This action should be dismissed for failure to join necessary and indispensable parties.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate its damages.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

This action is barred by the doctrines of laches, estoppel and waiver.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

This action should be dismissed for accord and satisfaction.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

This action should be dismissed as plaintiff has breached and/or has not complied with conditions precedent of the applicable policy of insurance.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's action is barred due to late notice of the underlying claims to answering defendant pursuant to the terms and conditions of the applicable policy of insurance and under applicable law.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff's action is barred due to its failure to promptly forward and provide any and every process, pleadings and notices for the underlying lawsuits to answering defendant pursuant to the terms and conditions of the applicable policy of insurance and under applicable law.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

The claims asserted in plaintiff's Complaint are barred, in whole or in part, by the terms, exclusions, provisions, clauses, definitions, endorsements and limitations contained in the subject policy of insurance.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to recover from answering defendant its costs, expenses and attorneys fees in this action.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

Coverage for plaintiff's claims is barred, in whole or in part, as the subject policy of insurance excludes "all liability for loss or damage to cargo carried aboard the vessels chartered hereunder."

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

Coverage for plaintiff's claims is barred, in whole or in part, as they do not result "from any accident in which said vessel may be involved" as required by the subject policy of insurance.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

Coverage for plaintiff's claims is barred, in whole or in part, as they do not involve an "accident" as required by the subject policy of insurance.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

Some or all of the claims in the Complaint are barred, in whole or in part, by the doctrine of equitable estoppel.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE**

Answering defendant reserves its right to amend this Answer and to assert additional defenses once the precise nature of the claims in the Complaint are ascertained through discovery and investigation.

**WHEREFORE**, answering defendant request that the Complaint against it be dismissed, with judgment, with costs and such further relief as this Court may deem just and proper.

Dated:  New York, New York
January 18, 2008

BROWN GAVALAS & FROMM LLP
Attorneys for Defendant
NEW YORK MARINE AND GENERAL
INSURANCE COMPANY


By:  _____/S/_____
Michael P. Naughton (MN-6870)
355 Lexington Avenue
New York, New York 10017
(212) 983-8500

TO:

Law Offices of Xian Feng Zou
Attorneys for Plaintiff
39-15 Main Street, Suite 303
Flushing, New York 11354
(718) 661-9562