UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

PACTRANS AIR & SEA INC.,

                Plaintiff,

        -against-                                   07 Civ. 14441 (LAK)

NEW YORK MARINE AND GENERAL INSURANCE
COMPANY,

                Defendant.

------------------------------------------------------------x

**USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: ___ DATE FILED #: 9/22/09**

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

        Plaintiff has moved for partial summary judgment on its claim that defendant is obliged to defend it in certain underlying litigation. Defendant has moved for summary judgment dismissing the complaint on the grounds that plaintiff failed to comply with a condition precedent by giving timely notice of claims against it and in any case on the ground that the claims against plaintiff are not covered by the policy. In a report and recommendation dated July 28, 2009 (the "R&R"), Magistrate Judge Ronald L. Ellis recommended that defendant's motion be granted and plaintiff's denied. Both sides object.

        The fundamental point affecting defendant's motion for summary judgment is the contention, accepted by Magistrate Judge Ellis, that plaintiff's late notice of the underlying lawsuits, as distinguished from its timely notice of the circumstances that matured into the litigation, was fatal to plaintiff's case. In reaching that conclusion, the Magistrate Judge relied on cases decided no later than 1999, which had hewed to the long standing New York rule that late notice vitiates an insurer's duty to defend or indemnify without regard to whether the carrier was prejudiced by the delay.

        In 2002, the New York Court of Appeals, in *Matter of Brandon,* 97 N.Y.2d 491, 743 N.Y.S.2d 53 (2002), departed from the long standing rule to the extent that it distinguished between late notice of an occurrence and late notice of a lawsuit. In the former case, it adhered to the no prejudice rule. Where, however, the carrier received timely notice of the occurrence but late notice of the lawsuit, the carrier no longer may avoid the contract absent a showing of prejudice attributable to the late notice of the lawsuit. Then, in *Argo Corp. v. Greater New York Mutual Insurance Co.,* 4 N.Y.3d 332, 794 N.Y.S.2d 704 (2005), the Court of Appeals added the further gloss that

"*Brandon* did not abrogate the no-prejudice rule and should not be extended to cases where the carrier received unreasonably late notice of claim." 4 N.Y.3d at 339-40, 794 N.Y.S.2d 765. The *Argo* court, moreover, went on to point out that the burden of proving that "the delay was not unreasonable falls on the insured," adverted to the importance of timely notice of the claim in order to permit the carrier to take an early and active role in the litigation, and ultimately determined that the delay in that case "was unreasonable as a matter of law." 4 N.Y.3d at 340, 794 N.Y.S.2d at 765.

In this case, it is undisputed that timely notice of the occurrence was given but that the notices of the two underlying lawsuits were delayed seven months in one case and nine months in the other. While there has been no showing of prejudice by the carrier, the insured has offered no satisfactory explanation for the delay. In all the circumstances, I conclude that the delay was unreasonable as a matter of law.

For the foregoing reasons, the defendant's motion for summary judgment dismissing the complaint [DI 11] is granted and the case closed. Plaintiff's cross-motion for partial summary judgment [DI 20] is denied.

SO ORDERED.

Dated:      September 22, 2009

_____
Lewis A. Kaplan
United States District Judge